IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANTWAINE ENTA YARBROUGH,  )<br>    ID #55873-177,              )<br>       Movant,                 )<br>                                  )<br>vs.                                      )<br>                                  )<br>UNITED STATES OF AMERICA,  )<br>      Respondent.         )  | No. 3:20-CV-3376-D-BH<br>No. 3:17-CR-198-D(1)<br><br>Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court for recommendation is the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on November 10, 2020 (doc. 2). Based on the relevant filings and applicable law, the motion should be **DENIED** with prejudice.

**I.    BACKGROUND**

Antwaine Enta Yarbrough (Movant) challenges his federal conviction and sentence in Cause No. 3:17-CR-198-D(1). The respondent is the United States of America (Government).

**A.    Conviction and Sentencing**

On April 4, 2017, Movant was charged by indictment with unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (*See* doc. 1.) [2] He pled guilty to the indictment without a plea agreement. (*See* doc. 23.)

On April 20, 2018, the United States Probation Office (USPO) filed a Presentence Report

---

[1] By *Special Order 3-251*, this habeas case has been referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions.

[2] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, No. 3:17-CR-198-D(1).

(PSR) and a corrected PSR that attached certified copies of three prior state convictions. (*See* docs. 27-1, 28-1.) Applying the 2016 Guidelines Manual, the PSR found Movant's base offense level to be 14 under U.S.S.G. § 2K2.1(a)(6). (*See* doc. 28-1 at ¶ 14.) It also found Movant to be to an armed career criminal under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), based on three prior convictions for serious drug offenses. (*See id*. at ¶¶ 8, 20.) Specifically, the PSR found that Movant's convictions on November 9, 1998, January 20, 2006, and May 6, 2011, for unlawful possession with intent to deliver cocaine, unlawful delivery of cocaine, and unlawful possession with intent to deliver cocaine, respectively, qualified as serious drug offenses as defined by 18 U.S.C. § 924(e)(2)(A). (*See id*.) Applying an ACCA enhancement under U.S.S.G. § 4B1.4(b)(3)(B), Movant's offense level was increased to 33. (*See id*. at ¶ 20.) After an adjustment for acceptance of responsibility, Movant's total offense level was 30. (*See id*. at ¶¶ 21-23.) The PSR found his guideline imprisonment range to be 180 to 210 months under U.S.S.G. § 5G1.1(c)(2). (*See id*. at ¶ 73.)

On July 27, 2018, Movant filed two objections to the PSR. (*See* doc. 34.) He objected to his designation as an armed career criminal because the predicate offenses were not charged in the indictment and proven beyond a reasonable doubt, and because his three predicate offenses did not qualify as serious drug offenses. (*See id*.) He acknowledged, however, that his arguments were foreclosed by current law. (*See id*.) The USPO filed an addendum to the PSR on August 3, 2018, which indicated that no changes to the PSR would be made unless otherwise directed by the Court. (*See* doc. 35-1.)

The sentencing hearing was held August 24, 2018. (*See* doc. 45.) The Court overruled Movant's objections to the PSR and found him to have three prior convictions that supported the ACCA enhancement. (*See id.* at 10.) It sentenced him to the statutory minimum term of 180

months' imprisonment, to be followed by a five-year term of supervised release. (*See id*.; doc. 39.) The judgment was affirmed on appeal. *United States v. Yarbrough*, 770 F. App'x 214 (5th Cir. 2019). Movant's petition for a writ of certiorari was denied on March 2, 2020. *Yarbrough v. United States*, 140 S. Ct. 1271 (2020).

**B.     Substantive Claims**

Movant asserts the following grounds for relief:

(1) Failure to Follow due process Law [sic];

(2) Violation of Constitutional Rights; and

(3) Lack of Authority to Sentence.

(No. 3:20-CV-3376-D-BH, doc. 2 at 4–7.) The Government filed a response on December 27, 2020. (*Id.,* doc. 6.) Movant did not file a reply.

## II.     SCOPE OF RELIEF UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of inquiries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (en banc) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an

ineffective-assistance of counsel claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[ ] objectives" of the procedural default doctrine, "to conserve judicial resources and respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503–04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

### III. DIRECT APPEAL

Movant maintains that his constitutional rights were violated because the indictment did not specify the prior convictions that formed the basis of his ACCA enhancement, the fact of his prior convictions was not proven to a jury, and his three prior convictions do not qualify as serious drug offenses under the ACCA. (No. 3:20-CV-3376-D-BH, doc. 2 at 4–7.)

These claims were considered and rejected on direct appeal. *See Yarbrough*, 770 F. App'x at 214–15. Defendants who collaterally attack their federal convictions may not raise grounds previously raised on direct appeal. *United States v. Rocha*, 109 F.3d 225, 229–30 (5th Cir. 1997). It is settled in this circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 motions. *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) (citing *United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980)) (claims raised and resolved in a prior appeal may not be revisited on collateral review). Because Movant's claims have been raised and decided on direct appeal, they are procedurally barred from collateral review. *Id; see also Rocha*, 109 F.3d at 230. Accordingly, he is not entitled to habeas relief on this basis.

### IV. MERITS

In addition to being procedurally barred, Movant's claims also fails on the merits.

4

A.     **Due Process**

Movant contends that the Government failed to comply with the procedural requirements of 21 U.S.C. § 851 by failing to file an information establishing his prior convictions. (No. 3:20-CV-3376-D-BH, doc. 2 at 4.)

Section 851 of Title 21 provides in relevant part:

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

21 U.S.C. § 851(a)(1). Movant was charged under 18 U.S.C. § 922(e), however. (*See* doc. 6 at 7.) It provides in pertinent part:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . .

18 U.S.C. § 924(e)(1). Because Movant was convicted of a Title 18 offense, 21 U.S.C. § 851 is not applicable to him. *See United States v. Pierre*, No. 2:19-CR-00286-01, 2021 WL 3744797, at *2 (W.D. La. Aug. 24, 2021) (concluding that procedures of 21 U.S.C. § 851 do not apply to convictions under Title 18).

Movant also argues that the indictment did not specify the prior convictions that formed the basis of the ACCA enhancement. (No. 3:20-CV-3376-D-BH, doc. 2 at 4.) His claim is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 234-44 (1998), which held that prior convictions need not be alleged in an indictment and are not treated as an element of the offense. The Fifth Circuit has acknowledged that "*Almendarez-Torres* remains binding precedent until and unless it is officially overruled by the Supreme Court." *United States v. Pineda-Arrellano*,

5

492 F.3d 624, 625 (5th Cir. 2007). Under *Almendarez-Torres*, the Government is not required to plead prior convictions in the indictment to support an ACCA enhancement, so Movant's claim is without merit.

B.   **Violation of Constitutional Rights**

Movant claims his constitutional rights were violated because the fact of his prior convictions was not pled in the indictment or proven to a jury. (No. 3:20-CV-3376-D-BH, doc. 2 at 5.) As discussed, *Almendarez-Torres* does not require that prior convictions be alleged in an indictment and are not treated as an element of the offense. *Almendarez-Torres*, 523 U.S. at 243–44. Movant's claim that his Fifth and Sixth Amendment rights have been violated lacks merit.

C.   **Lack of Authority to Sentence**

Movant contends that he does not have three prior convictions that qualify as "serious drug offenses" under the ACCA, that he only admitted to one prior conviction in the factual resume, and that the Court was without jurisdiction to impose the enhanced sentence. (No. 3:20-CV-3376-D-BH, doc. 2 at 7–8.)

Movant's ACCA sentence is predicated on prior state convictions for possession with intent to deliver a controlled substance and for delivery of a controlled substance under § 481.112(a) of the Texas Health and Safety Code. (*See* doc. 28-1 at 18-28); *Yarbrough*, 770 F. App'x at 214. The Fifth Circuit has held that "[a] conviction under Section 481.112(a) qualifies for the ACCA enhancement under § 924(e)." *United States v. Cain*, 877 F.3d 562, 562 (5th Cir. 2017); *see also United States v. Vickers*, 540 F.3d 356, 363-66 (5th Cir. 2008). This holding was recently reaffirmed in *United States v. Prentice*, 956 F.3d 295, 300 (5th Cir. 2020).

Because Movant's three prior convictions qualify as serious drug offenses, his claim that the Court lacked the authority to sentence him under the ACCA is without merit.

## V. EVIDENTIARY HEARING

No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A movant is entitled to an evidentiary hearing on his § 2255 motion only if he presents "independent indicia of the likely merit of [his] allegations." *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013). "[B]are, conclusory allegations unsupported by other indicia of reliability in the record, do not compel a federal district court to hold an evidentiary hearing." *Ross v. Estelle*, 694 F.2d 1008, 1012 n.2 (5th Cir. 1983); *accord United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (noting that "[i]f the defendant produces independent indicia of the likely merit of her allegations, typically in the form of one or more affidavits from reliable third parties, she is entitled to an evidentiary hearing on the issue"); *United States v. Auten*, 632 F.2d 478, 480 (5th Cir. 1980) (noting that mere conclusory allegations are not sufficient to support a request for an evidentiary hearing).

Here, Movant has failed to demonstrate the existence of a factual dispute that creates a genuine issue. He has also failed to come forward with independent indicia in support of the likely merit of his claims. *See Reed*, 719 F.3d at 393. Movant has therefore failed to demonstrate that he is entitled to an evidentiary hearing on any of his claims.

## VI. RECOMMENDATION

The *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on November 10, 2020 (doc. 2), should be **DENIED** with prejudice.

**SIGNED this 19th day of April, 2023.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE