IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ANTWAINE ENTA YARBROUGH,      §
ID #55873-177,                §
                              §
          Movant,             §
                              §      Civil Action No. 3:20-CV-3376-D
VS.                           §      Criminal No. 3:17-CR-198-D(1)
                              §
UNITED STATES OF AMERICA,     §
                              §
          Respondent.         §

MEMORANDUM OPINION
AND ORDER

Movant Antwaine Enta Yarbrough ("Yarbrough") moves to alter or amend the judgment under Fed. R. Civ. P. 59(e).  For the reasons that follow, the court denies the motion.  The court also denies as moot Yarbrough's request to hold the judgment in this action in abeyance.

I

Yarbrough filed a motion for a writ of habeas corpus under 28 U.S.C. § 2255 challenging his federal conviction and sentence in Criminal No. 3:17-CR-198-D(1).  He alleged that the government failed to follow due process and violated his due process rights in connection with the information and indictment filed in the underlying criminal proceedings, and that the court lacked jurisdiction to impose the sentence he received.  The April 19, 2023 findings, conclusions, and recommendation ("FCR") of the United States Magistrate Judge recommended that the § 2255 motion be denied with prejudice.  Yarbrough filed a motion for a 60-day extension to object to the April 19 FCR, but before it was

received and docketed, the court adopted the FCR and entered judgment denying the § 2255

motion with prejudice.  Because Yarbrough's motion was dated one day before the court

adopted the FCR and entered judgment, the court construed it as a timely motion to alter or

amend the judgment under Fed. R. Civ. P. 59(e) and granted Yarbrough 60 days to

supplement the motion.  Yarbrough's current filing was received timely and is construed as

a supplement to the Rule 59(e) motion. He seeks to "shift all three grounds [of the § 2255

motion] as an IAC claim—causing an unconstitutionally excessive sentence[,]" and asserts

new allegations of ineffective assistance of appellate counsel.  ECF No. 17 at 1, 4-9.  He also

asks the court "to place [his] [§] 2255 motion in [a]beyance" until the Supreme Court issues

a decision in *Jackson v. United States*, No. 22-6640, 143 S. Ct. 2457 (May 15, 2023).  ECF

No. 17 at 1, 3, 10-11.

## II

To prevail on a Rule 59(e) motion to alter or amend a judgment, the moving party

must show (1) an intervening change in controlling law; (2) the availability of new evidence

not previously available; or (3) a manifest error of law or fact.  *See Schiller v. Physicians

Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).  A Rule 59(e) motion is "not the proper

vehicle for rehashing evidence, legal theories, or arguments that could have been offered or

raised before the entry of judgment."  *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th

Cir. 2004).  Although a district court has considerable discretion in deciding whether to

reopen a case under Rule 59(e), "[r]econsideration of a judgment after its entry is an

extraordinary remedy that should be used sparingly."  *Id.*  Rule 59(e) generally "favor[s] the

denial of motions to alter or amend a judgment[.]" *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993) (footnote omitted).

Yarbrough has shown neither a manifest error of fact or law or a change in controlling law, nor presented newly-discovered evidence. He instead seeks to revisit the claims raised in his § 2255 motion through the lens of ineffective assistance of counsel claims that were not previously raised, arguing that he "believed that the entire 2255 form was about an attorney's ineffectiveness," despite the fact that neither the form nor his allegations mention or reference counsel's performance. ECF No. 17 at 1, 12.[*] He also raises new allegations of ineffective assistance of appellate counsel. *Id.* at 4-9. Accordingly, Yarbrough has failed to satisfy the standard for obtaining Rule 59(e) relief, and the court denies his motion.

III

Yarbrough also asks the court to hold the judgment in this action in abeyance pending the Supreme Court's decision in *Jackson*. ECF No. 17 at 1, 3, 10-11. Because the judgment has already been entered in this action, the court denies the request as moot.

---

[*]In relevant part, the § 2255 form directs movants as follows: "For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. . . . State the facts supporting each ground." ECF No. 2 at 3.

IV

Considering the record in this case and pursuant to Fed. R. App. P. 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 Proceedings, and 28 U.S.C. § 2253(c), the court denies a certificate of appealability.  The court finds that Yarbrough has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

If Yarbrough files a notice of appeal,

( )      he may proceed *in forma pauperis* on appeal.

(**X**)      he must pay the $505.00 appellate filing fee or submit a motion to proceed *in forma pauperis.*

**SO ORDERED**.

September 15, 2023.

SIDNEY A. FITZWATER
SENIOR JUDGE